# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff,**<br>vs.<br>**LAVERNE RYANT,**<br>    **Defendant.** | **No. CR88-0015**<br>**SCHEDULING ORDER** |

---

On the 6th day of May 2014, this matter came on for hearing on the Request for Hearing Pursuant to 18 U.S.C. § 4243(e) filed by the United States on April 4, 2014. The Government was represented by Assistant United States Attorneys Timothy T. Duax (appearing telephonically) and Sean Berry. Defendant Laverne Ryant appeared telephonically and was represented by his attorney, Michael M. Lindeman.

On March 6, 2014, the warden at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, sent a letter (docket number 193) to the Court, with a "Risk Assessment Review Report" attached. According to the report, the Risk Assessment Review Panel believes that Ryant "would no longer create a substantial risk of bodily injury to another person or serious damage to property of another if *conditionally released under a prescribed regimen of medical, and psychiatric/psychological care.*" (Italics in original) If the director of the facility in which a person is hospitalized believes that his release would no longer create a substantial risk to others, then he or she must file a certificate to that effect.

> When the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under

> prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4243(f). The letter from Warden Linda Sanders states that a copy of the review panel's report "is attached for your review and consideration." While the review panel believes that Ryant could be released under certain conditions, Warden Sanders — as the "director of the facility" — did not "file a certificate to that effect with the clerk of the court" as required by § 4243(f). If the letter to the Court dated March 6, 2014 and the attachment was intended to be a "certificate" within the meaning of § 4243(f), then Warden Sanders must promptly file such a certificate with the clerk of the Court.

Assuming a § 4243(f) certificate is filed, the Court addressed with counsel the manner in which the case will proceed. Mr. Duax advised the Court that the Government has not yet decided whether it will seek a further evaluation of Ryant. It is anticipated, however, that a final decision will be made within ten days. If the Government elects to have Ryant evaluated by another expert witness, then the evaluation must be completed within 30 days. Mr. Lindeman reserved the right to ask for a further evaluation by an expert of his choosing, depending on the conclusions reached by the Government's expert witness.

This matter has been referred to me by Chief Judge Linda R. Reade for a report and recommendation. I will conduct a full evidentiary hearing. The parties must be prepared to offer all relevant evidence at the time of the hearing. After I have made a report and recommendation to Chief Judge Reade, the parties will have 14 days in which to file objections, based on the record previously made.

It is not anticipated that Ryant will be transported to Cedar Rapids for the hearing. The Court instructed Mr. Duax to contact the facility in Springfield and determine whether

2

it has videoconferencing capability. If it does not, then Defendant will be permitted participate telephonically. I discussed with counsel whether witnesses would appear by videoconference, telephonically, or in person at the courthouse in Cedar Rapids. No decisions were made in that regard. I also advised counsel that at the time of hearing the Court will require detailed testimony regarding the specific conditions under which Ryant may be released, including where he would live and by whom he would be supervised.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Clerk of Court is directed to send a copy of this Order to the warden at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. If the warden's letter of March 6, 2014, and attachment were intended to comply with 18 U.S.C. § 4243(f), then the warden is directed to promptly file a certificate to that effect with the Clerk of Court.

2.      Not later than **May 16, 2014**, the Government must notify the Court and counsel regarding its decision whether to have Ryant evaluated by another expert witness.

3.      If the Government elects to have Ryant evaluated further, then the evaluation must be completed not later than **June 6, 2014**. A written report by the Government's expert must be provided to the Court and counsel by **June 20, 2014**.

4.      If Defendant's counsel intends to have Ryant evaluated by an expert witness of his choosing, then he must notify the Court and counsel of that decision not later than **July 1, 2014**. Any evaluation must be completed not later than **July 30, 2014**, with a report provided not later than **August 13, 2014**.

5.      A Final Pretrial Conference will be held on **August 19, 2014** at **11:00 a.m.** at the United States District Courthouse, Courtroom 3, 4th Floor, 111 7th Avenue SE, Cedar Rapids, Iowa. Defendant Laverne Ryant may participate telephonically at the hearing.

6.      This matter will come on for hearing on the merits at the United States District Courthouse, Courtroom 3, 4th Floor, 111 7th Avenue SE, Cedar Rapids, Iowa, on **September 4, 2014** at **9:00 a.m.**

DATED this 6th day of May, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA